No. 27,133.

E. M. Alfstad, doing business as The Star Realty Company, *Appellee,* v. Clark Burdg, *Appellant.*

SYLLABUS BY THE COURT.

Brokers—*Action for Compensation—Sufficiency of Evidence.* In an action to recover an agent's commission on an exchange of real-estate properties, the evidence examined and held that plaintiff failed to establish any basis for his claim to the commission, and that a demurrer to plaintiff's evidence should have been sustained.

Appeal from Sedgwick district court, division No. 3; Grover Pierpont, judge. Opinion filed June 11, 1927. Reversed.

*John W. Adams, William J. Wertz, George L. Adams* and *Harry C. Osborne,* all of Wichita, for the appellant.

*Clyde E. Souders* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for a real-estate dealer's commission.

Plaintiff alleged that plaintiff, E. M. Alfstad, doing business as The Star Realty Company, was engaged in real-estate business in Wichita, and that prior to January 1, 1921, the defendant Clark Burdg listed with plaintiff for sale or exchange certain property and agreed to pay plaintiff a commission for effecting a sale or satisfactory exchange thereof. Plaintiff alleged that through his agent and employee, J. W. Studebaker, he introduced to defendant as a prospective purchaser or negotiator, one R. H. Mourer, with whom defendant effected an exchange of properties at an agreed valuation of $20,000, and that there was in consequence a commission of $625 due plaintiff from defendant for his services.

The answer contained a general denial and denied *seriatim* all the material allegations of plaintiff's petition.

At the trial the evidence for plaintiff showed that in 1919 Burdg had listed his properties for sale or exchange with one A. K. Alfstad, who was then engaged in the real-estate business under the name of "Star Realty," later called "The Star Realty Company," and one J. W. Studebaker was in A. K. Alfstad's employment, and a year or two later Studebaker introduced to defendant one R. H. Mourer,

Brokers, 9 C. J. p. 654 n. 41.

Alfstad v. Burdg.

who owned a farm near Sharon, and that Mourer and defendant consummated a trade of properties at a nominal exchange value of $21,500, as indicated by the amount of the mortgage on one of the properties and by the amount of federal revenue stamps on the instruments of conveyance.

Defendant's demurrer to plaintiff's evidence was overruled; and defendant introduced his evidence, which tended to show that when Studebaker introduced Mourer to him, defendant had no intimation that Mourer was being produced as a prospective customer pursuant to the listing of his properties with A. K. Alfstad nearly two years before.

The jury returned a verdict for plaintiff and judgment was entered accordingly.

Defendant appeals, assigning various errors, only one of which will need attention. Defendant emphasizes the point that the record nowhere discloses how this plaintiff, *E. M. Alfstad,* has any concern with any employment of A. K. Alfstad to find a buyer for defendant's property in 1919, nor how this plaintiff, *E. M. Alfstad,* acquired any interest in the business or commissions of "The Star Realty Company" earned by Studebaker as its employee or as the employee of A. K. Alfstad.

The appellee's brief gives no assistance in our endeavors to find a sufficient answer to that contention, and a painstaking perusal of the abstract and counter abstract discloses a complete dearth of evidence to supply this vital matter.

It follows that the plaintiff's demurrer should have been sustained; and the judgment must be reversed and the cause remanded with instructions to enter judgment for defendant.

It is so ordered.